UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

    Plaintiff,

v.

HILTON HOTELS CORPORATION,
a Delaware Corporation, and WILD
INNOCENT I, LP, a Delaware
Limited Partnership,

    Defendants.
_____/

Case No.:  2:17-cv-03546-GAM

## FIRST AMENDED COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, HILTON HOTELS CORPORATION, a Delaware Corporation, and WILD INNOCENT I, LP, a Delaware Limited Partnership (sometimes referred to as "Defendant" or "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

    1.    Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

    2.    Defendants' property, Embassy Suites - Philadelphia City Center, is a hotel located at 1776 Benjamin Franklin Parkway, Philadelphia, PA  19103, in the County of Philadelphia.

  3. Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

  4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. *See, also,* 28 USC § 2201 and § 2202.

  5. Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

  Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school. After completion of her studies, she founded a business and resided in the area until 2011. She was active in the business community and has many long-standing relationships that she has maintained throughout the years. She also had two children during those years, through which she knew many people.

  Her elder daughter and granddaughter live in the surrounding area and she often meets them in Center City, Philadelphia, so that they may enjoy cultural activities, dining and shopping in Philadelphia. She has often taken her granddaughter to the Museum of Natural History and Please Touch Museums in Philadelphia. Ms. Swartz also enjoys meeting her Philadelphia-based friends in various restaurants and attending local shows in Philadelphia.

  Helen Swartz visited the property which forms the basis of this lawsuit, and has reservations to return to the property to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which

have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities and use the restrooms.

6. HELEN SWARTZ has patronized the hotel which forms the basis of this lawsuit on several occasions. She plans to return to the facility in the near future, once the facility is made accessible, to avail herself of the goods and services offered to the public at the property.

7. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 11. The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

8. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Embassy Suites - Philadelphia City Center, and is located at 1776 Benjamin Franklin Parkway, Philadelphia, PA 19103, in the County of Philadelphia.

9. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 11 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. HELEN SWARTZ desires to visit Embassy Suites - Philadelphia City Center not only to avail herself of the goods and services available at the property but to assure herself that these property are in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

11. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Embassy Suites - Philadelphia City Center has shown that violations exist. These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

    a. The ramp does not have proper handrails. This is in violation of section 505.2 of the 2010 Standards for Accessible Design. §36.304.

    b. The check-in counter is too high. This is in violation of section 904.3.2 of the 2010 Standards for Accessible Design. §36.304.

    c. Accessible seating is not provided at tables inside and outside of the hotel. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design.

    d. A maneuvering clearance is not provided to exit the gym. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. §36.304.

    e. Items in the gym are out of reach. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304.

    f. Accessible signage is missing from permanent spaces. This is in violation of section 216.2 of the 2010 Standards for Accessible Design. §36.304.

    g. The accessible signage is on the pull side of the door. This is in violation of section 703.4.2 of the 2010 Standards for Accessible Design. §36.304.

    h. The assorted accessible toilet compartments do not have compliant grab

bars by the water closets. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304.

      i.     The location of the water closet is inaccessible. This is in violation of section 604.2 of the 2010 Standards for Accessible Design. §36.304.

      j.     Accessible door hardware is missing from both sides of the accessible toilet stall doors. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304.

      k.     The toilet paper seat cover dispensers are out of reach in the accessible toilet compartments. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304.

      l.     The mirror in the accessible toilet compartment is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304.

      m.     The balcony that serves the guest room is not accessible. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. §36.304.

      n.     A clear floor space is not provided to access the closet in the accessible guestroom. This is in violation of section 811.2 of the 2010 Standards for Accessible Design. §36.304.

      o.     In the accessible guestroom bathroom the shower unit is too high in the roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

      p.     A fixed seat is not provided in the accessible guestroom roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

      q.     The table in accessible guestroom is not accessible. This is in violation of section 806.2.1 of the 2010 Standards for Accessible Design. §36.304.

      r.     Items in the accessible guestroom and bathroom are out of reach. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304.

      s.     The hotel does not provide the required amount of accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design.

§36.304.

**Maintenance**

t.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12.  All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

13.  The discriminatory violations described in Paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.  Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq.* Furthermore, the Defendants continue to

discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

16. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

18. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Embassy Suites - Philadelphia City Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: 9/&#8202;7/17                                  Respectfully submitted,

/s/ David S. Dessen
David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossitto
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:   215.564.2879
ddessen@dms-lawyer.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL   33181
Telephone:   305.891.5199
Facsimile:   305.893.9505
lfuller@fullerfuller.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of September, 2017, the foregoing was filed via CM/ECF, which will generate notice to all counsel of record.  I further certify that a true copy was furnished via email to Counsel for Defendant, Minh Vu, Esq., mvu@seyfarth.com, Seyfarth Shaw LLP, 975 F Street, N.W., Washington, DC   20004, who has agreed to waive service.

/s/ David S. Dessen
David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossitto
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:   215.564.2879
ddessen@dms-lawyer.com